Artie V. Tidwell, Plaintiff-Appellant, v. R. Glenn Smith, Edward V. Platt, and The Sisters of the Third Order of St. Francis, a Corporation, Defendants-Appellees.

Gen. No. 64–93.

Second District.

March 22, 1965.

Rehearing denied April 9, 1965.

271

John R. Snively, of Rockford, for appellant.

Haye & Keegan (Frederich H. Haye, of counsel), for R. Glenn Smith and Edward V. Platt; Williams, McCarthy & Kinley (John C. McCarthy, of counsel), for The Sisters of the Third Order of St. Francis, a corporation, appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is an action testing the applicability of section 24 of the Limitations Act, (Ill Rev Stats 1963, c 83, par 24a) which provides in part that:

"In any of the actions specified in any of the sections of this act . . . if the plaintiff . . . shall be nonsuited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff . . . may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

Chronologically, this case was first docketed in the Circuit Court of Winnebago County on May 29, 1959, and charged an assault allegedly committed on May 31, 1957. The trial court dismissed the complaint and entered judgment for defendants, which we reversed and remanded. (27 Ill App2d 63, 169 NE2d 157).

On November 5, 1960, plaintiff filed mandate from this court in the trial court but did not move to re-docket the case. On August 27, 1962, defendants filed a motion to redocket the case for the purpose of filing a motion to dismiss the action for want of prosecution.

On August 28, 1962, plaintiff moved to redocket the case, and, upon hearing on November 28, 1962, defendants' motion to dismiss for want of prosecution was granted, and judgment was entered in the trial court for defendants. We affirmed this dismissal and judgment on September 5, 1963 (43 Ill App2d 9, 192 NE2d 410); and the Supreme Court denied petition for leave to appeal on January 21, 1964.

On November 5, 1963, plaintiff filed the complaint in the instant case; it is the same as the original complaint filed May 29, 1959, except that it contains an additional paragraph which states that the "action is commenced within one year after judgment of nonsuit was given against plaintiff on November 8, 1962, in the court in a suit between the same parties, pursuant to section 24 of the Limitations Act." Defendants filed a motion to dismiss this complaint on the ground that, under the circumstances of this case, section 24 was not applicable.

From the initiation of this cause of action on May 29, 1959, until and including the dismissal of the complaint filed pursuant to section 24 and the entry of judgment for defendants on June 2, 1964, the Honorable William R. Dusher, Judge of the Circuit Court of the 17th Judicial Circuit, heard all matters, entered all of the judgment orders and made all of the rulings pertaining to said cause. On May 22, 1964, plaintiff filed a petition for change of venue. Upon hearing, said petition was denied and therein plaintiff charges error. We view this suit as being initiated on May 29, 1959, and hold that said petition was not timely filed and was properly denied. Swanson v. Randall, 30 Ill2d 194, 198, 195 NE2d 656 (1964).

■ Plaintiff urges that the trial court erred in dismissing his complaint filed pursuant to section 24. We believe that plaintiff comes within the letter, but not within the spirit and intent of this section. It is a

273

remedial section which seeks to protect a plaintiff, who brings an action in good faith, from complete loss of relief on the merits because of a procedural defect. It reflects a legislative intent to afford the plaintiff an opportunity to try his case on the merits. Roth v. Northern Assur. Co., Ltd., 32 Ill2d 40, 42, 203 NE2d 415 (1964); Swiontek v. Greenstein, 33 Ill App2d 355, 358, 179 NE2d 427 (1st Dist 1961); Sachs, et al. v. Ohio Nat. Life Ins. Co., 131 F2d 134, 137 (CA 7, 1942).

In this case, section 24 was not used as a defensive measure to afford the plaintiff a fair opportunity to try his case on the merits, where otherwise he would be precluded from such relief due to a procedural defect. Here the plaintiff filed the mandate of this court in the Circuit Court on November 5, 1960, and did not seek to redocket the case until August 28, 1962, and then only after the defendants filed a motion to redocket the case for the purpose of filing motions to dismiss the action for want of prosecution. Plaintiff's position is more that of brandishing section 24 as a weapon of aggression to secure for himself another offensive effort against these defendants, after a self-initiated delay, which constituted a virtual abandonment of his cause of action. Such use of section 24 is not within the intent and purpose of the legislature.

█ In construing a statute, courts should look to the object and purpose to be subserved by the statute; the intent should be determined more from consideration of such general objects and purposes than from the technicalities of definition. Gray v. American Radiator & Standard Sanitary Corp., 22 Ill2d 432, 436, 716 NE2d 761 (1961); Southmoor Bank & Trust Co. v. Willis, 15 Ill2d 388, 394, 155 NE2d 308 (1959); Lincoln Nat. Life Ins. Co. v. McCarthy, 10 Ill2d 489, 494, 140 NE2d 687 (1957).

█ █ The spirit of a statute will control over the letter of the enactment where there is a conflict.

274

Inskip v. Board of Trustees of University of Illinois, 26 Ill2d 501, 510, 187 NE2d 201 (1963); City of Chicago v. James E. Mulligan Enterprises, Inc., 27 Ill App2d 481, 487, 170 NE2d 13 (1st Dist 1960). A situation or thing that is within the letter is not regarded as within the statute unless also within its object, spirit and meaning. Lincoln Nat. Life Ins. Co. v. McCarthy, 10 Ill2d 489, 494, 495, 140 NE2d 687 (1957); City of Chicago v. James E. Mulligan Enterprises, Inc., supra, 487, 488. It was not the design of the legislature, in enacting section 24, to give litigation everlasting life and thereby produce in Illinois modern versions of Jarndyce v. Jarndyce. We believe that the granting of relief to plaintiff under the circumstances of this case would prostitute the intent and purpose of section 24.

Consequently, the judgment of the trial court should be affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.