(No. 48069.-

JOHN KUTNICK, Appellee, v. JAMES B. GRANT,
Appellant.

*Opinion filed November 15, 1976.*

Yates, Goff, Gustafson & Been, of Chicago (Carl E. Abrahamson, of counsel), for appellant.

Marshall I. Teichner, of Chicago (Philip J. Rock, of counsel), for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

John Kutnick, the plaintiff, was injured when the automobile he was driving was struck by a car driven by the defendant, James B. Grant. The plaintiff filed a complaint in the circuit court of Cook County. Subsequently, depositions were taken and the plaintiff submitted to a medical examination the defendant had requested. The case was assigned to Judge Reginald Holzer in February of 1972, and transferred in April to Judge Meyer Goldstein. Pretrial conferences were held in February, April and May of 1972. On June 13, 1972, the case appeared on the regular call of cases to be assigned for trial and was dismissed for want of prosecution by Judge Joseph Butler when the plaintiff's attorney failed to appear. This appears to have been through inadvertency because the attorney appeared on the same day before Judge Nicholas Bua, one of the motion judges, and secured an order that required the defendant to produce certain materials by June 19, 1972, for the plaintiff's inspection.

Notwithstanding the dismissal on June 13, pretrial conferences were conducted before Judge David Canel on June 23 and June 28. Thereafter plaintiff's counsel filed notices informing the defendant that he intended to appear before Judge Canel on July 7, 1972, and move for the entry of an order vacating the order of dismissal and for entry of an order granting plaintiff's counsel leave to withdraw. Judge Canel allowed the motion to withdraw, but the record does not indicate whether the court acted on the plaintiff's motion to vacate the dismissal order. Judge Canel conducted another pretrial conference on October 12, 1972, and on November 15, 1972, the case was set for trial on November 21. It was continued until December 13, 1972, and then until January 15, 1973. Neither the plaintiff nor his substituted attorney appeared on January 15 and Judge Canel entered the following order:

> "THIS CAUSE having been assigned to the undersigned for all purposes and called for trial, and defendant appearing by his counsel and plaintiff appearing not:
> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the above-entitled cause be and the same is hereby dismissed for want of prosecution at plaintiff's costs."

The plaintiff filed a new complaint on July 6, 1973, alleging the same cause of action that had been set out in the complaint dismissed on January 15. The defendant's motion to dismiss the complaint was allowed by Judge Mel Jiganti, one of the motion judges, on November 1, 1973. The order stated:

> "[D]efendant's motion for dismissal is hereby granted, it appearing that this action was not commenced within one year of a prior dismissal under the date of June 13, 1972."

Judge Jiganti, however, on the plaintiff's motion and on grounds not disclosed by the record, vacated the order and transferred the case to Judge Abraham Brussell. Judge Brussell, after hearing argument, dismissed the case with

prejudice on February 14, 1974; the order did not state reasons for the dismissal. The appellate court reversed (33 Ill. App. 3d 37), and we granted the defendant's petition for leave to appeal.

Section 24 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 24a) provides, in part, that when an "action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff *** may commence a new action within one year *** after such *** action is dismissed for want of prosecution." The appellate court considered that the defendant was estopped from relying on the first dismissal order, *i.e.*, of June 13. It held that the starting date for computing the period for filing a new action was January 15, 1973, the date of the second dismissal for want of prosecution. The appellate court concluded that since the suit was refiled on July 6, 1973, it was timely filed. 33 Ill. App. 3d 37, 38.

The defendant contends here that Judge Brussell's dismissal of the second complaint was proper, because Judge Canel's order of January 15, 1973, dismissing the first complaint for want of prosecution, operated as an adjudication of the plaintiff's case on the merits under our Rule 273 (58 Ill. 2d R. 273) and thus barred the filing of the plaintiff's second complaint. Rule 273 provides:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."

The defendant argues that the portion of section 24 of the Limitations Act quoted above is not a statute that "otherwise specifies" within the meaning of Rule 273. The argument is hardly convincing. If one interprets Rule 273 as the defendant would have us do, that part of section 24 which is involved here would be meaningless. If the defendant's reading of the section were to be adopted,

every suit dismissed for want of prosecution and reinstated or filed again pursuant to section 24 would be vulnerable to dismissal under Rule 273. It cannot be reasonably contended that this was the intent of the legislature in enacting section 24. Section 24 plainly states that if a suit is dismissed for want of prosecution a new action may be filed within one year of the dismissal. We would observe that section 24 was amended to include the language we have quoted above five months after Rule 273 became effective. The plaintiff reasonably argues that the General Assembly in amending the statute intended to make it clear that the result the defendant is arguing for here could not occur. We consider that Rule 273 is not applicable.

The defendant contends that in any event the plaintiff's second suit was properly dismissed on February 14, 1974, because of his lack of diligence in prosecuting his first suit. The defendant says that "the history of this lawsuit is a repetition of abandonment, delay and inaction by the plaintiff," and he argues that section 24 is available only to a diligent plaintiff.

Section 24 does not state that it is available only to one who has been "a diligent plaintiff." There have been appellate court decisions, based on this court's decision in *Roth v. Northern Assurance Co.,* 32 Ill. 2d 40, that have concluded that the object of section 24 "is to protect a plaintiff, who brings an action in good faith, from a complete loss of relief due to procedural defects and permit him the opportunity to have a trial on the merits. (*Roth v. Northern Assurance Co. Ltd.,* 32 Ill. 2d 40, 42 (1964).) The section was never intended for the use of a plaintiff whose self-initiated delay amounted to a virtual abandonment of his cause of action. (*Tidwell v. Smith,* 57 Ill. App. 2d 271, 274-275 (1965).) It was intended to serve as an aid to the diligent, not a refuge for the negligent." *Brown v. Burdick,* 16 Ill. App. 3d 1071, 1073-74; see also *Franzese v. Trinko,* 38 Ill. App. 3d 152; *Aranda v. Hobart Manufacturing Co.,* 35 Ill. App. 3d 902; *Sandman v.*

*Marshall Field & Co.,* 27 Ill. App. 3d 427; *Quirino v. Chicago Tribune-New York News Syndicate, Inc.,* 10 Ill. App. 3d 148; *Ray v. Bokorney,* 133 Ill. App. 2d 141.

Accepting the defendant's contention for purposes of this opinion that relief under the section should thus be available only to a diligent plaintiff, it cannot be said on this record that the plaintiff should be denied the benefit of the statute. The record shows that several pretrial conferences were held before and after the June 13 dismissal; that the plaintiff did file a notice that he was going to appear and seek the vacation of the June 13 order; that depositions had been taken and discovery conducted; that the case was set for trial and continued on two different occasions; and that the plaintiff filed a new suit within six months of the January 15, 1973, dismissal order. While the case was dismissed on June 13, 1972, by Judge Butler, the plaintiff's attorney appeared before another judge that day and secured a discovery order. This certainly suggests that the failure to appear before Judge Butler was inadvertent. The record does not show that the plaintiff abandoned his suit within the intendment of the section as the defendant contends. This should not suggest a readiness to condone a failure of counsel to appear when a case is called; an attorney has an important duty to the court to be prepared to proceed when a case is called for trial. *Jones v. Sullivan,* 34 Ill. App. 3d 786; *Bender v. Schallerer,* 9 Ill. App. 3d 951.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*