DALE BROWN, Individually and for the Use of the Travelers Indemnity Company, Plaintiff-Appellant, *v.* GARY TINDER, Individually and d/b/a Permabilt Homes Sale & Co., Defendant-Appellee.

Third District   No. 76-143

Opinion filed January 28, 1977.

Kavanagh, Scully, Sudow, White & Frederick, of Peoria (David L. Cover, of counsel), for appellant.

Gulo & Stodd, of Streator (Walter L. Stodd, of counsel), for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of LaSalle County dismissing with prejudice a complaint filed by plaintiff Brown individually and for the use of Travelers Indemnity Company, subrogee (hereinafter referred to as the plaintiff), which sought to impose liability upon the defendant Tinder individually and doing business as Permabilt Homes Sale & Co. (hereinafter referred to as the defendant) for damages caused by a fire in the plaintiff's home and which fire allegedly was caused by the defendant when he was engaged in installing prefinished wood flooring material in the plaintiff's home. The Travelers Indemnity Company paid the plaintiff for the damages to his home, hence the plaintiff sued both as an individual and for the use of the indemnity company.

The sole issue to be determined in this appeal is the applicability of section 24 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 24a), which provides in part:

> "In the actions specified in this Act * * * if the plaintiff is nonsuited, or the action is dismissed for want of prosecution, then * * * the plaintiff * * * may commence a new action within one year * * * after the plaintiff is nonsuited or the action is dismissed for want of prosecution."

To determine the issue presented we deem it necessary to set forth in chronological order the various proceedings and actions relating to this case which ensued in the trial court.

Plaintiff's original complaint was filed November 3, 1971. Subsequently defendant's motion to dismiss, grounded on a lack of jurisdiction allegation since the complaint contained a misnomer as to the defendant, was denied and the plaintiff was granted leave to amend his complaint to correctly name the defendant as Garry Tinder, rather than Jerry Tinder. The hearing on these two motions regarding the misnomer question, to-wit, the motion to dismiss and the motion to amend, was continued on one occasion at the request of counsel for the defendant. These motions were ultimately heard on January 31, 1972, after counsel for plaintiff had requested and arranged for a hearing date. The plaintiff next proceeded to serve upon the defendant written interrogatories and filed pleadings

for the taking of discovery depositions. Although it was on January 3, 1972, that the trial court ordered the defendant to file responsive pleadings within 30 days, the defendant deigned not to file an answer and in fact has never done so, but instead on March 5, 1973, some 13 months after having been directed to file responsive pleading, elected to file a motion to dismiss the complaint on the grounds that it failed to state a cause of action. Defendant set this motion for hearing on March 13, 1973, and notice of the setting was served upon the plaintiff. The defendant was present on March 13 for hearing on the motion, however, neither the plaintiff nor his counsel appeared so the trial court ordered that the hearing be rescheduled to April 5, 1973. On this latter date the defendant's motion to dismiss the complaint was denied. At a trial docket call had on March 24, 1975, the plaintiff was represented in court by an attorney from the city of Streator. Subsequent to this court appearance the plaintiff received notice on December 9, 1975, from the circuit clerk of LaSalle County that his case had on the preceding day been dismissed for want of prosecution. It is the plaintiff's contention that he never received notification from his Streator, Illinois, attorney as to the December 8, 1975, trial setting or in the alternative such notice was inadvertently lost or misfiled in the office by his attorney from Peoria. On January 8, 1976, the plaintiff filed a motion to vacate the order of dismissal and said motion was supported by an affidavit. This motion was denied by the trial court on the grounds that the trial court no longer had jurisdiction of the cause in that more than 30 days had elapsed since the dismissal for want of prosecution. The plaintiff on February 4, 1976, filed a petition for relief from judgment pursuant to section 72 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). The section 72 petition was supported by an affidavit in which counsel for the plaintiff averred that he had miscalculated the 30-day period in that he believed the 30-day deadline would be on January 8, 1976, rather than January 7, 1976. This averment of the plaintiff as to his miscalculation of the 30-day period is supported by the record wherein is found correspondence from counsel of plaintiff to counsel for defendant, dated December 30, 1975, in which a stipulation for reinstatement of the case is made in order "* * * to alleviate the need for a court appearance. Since the thirty day deadline will end on January 8, 1976 * * * ." On February 27, 1976, the trial court denied plaintiff's prayer for relief under section 72 of the Illinois Civil Practice Act. On March 3, 1976, a new complaint was filed in substantially the same form as the original complaint. On March 10, 1976, the defendant filed a motion to dismiss on the grounds that the action was barred by virtue of section 15 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 16), since five years had passed since the cause of action had accrued. The plaintiff filed a written reply indicating that his case should not be stricken

by virtue of section 24 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 24a). On April 8, 1976, the trial court entered an order dismissing the complaint with prejudice thereby terminating the plaintiff's cause of action and this appeal ensued.

■■ We have set forth in detail the procedural steps and actions of the parties and their counsel in the trial court. We feel that we are compelled to do so since section 24 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 24a) does not establish an absolute right to the commencement of a new action when the original action was dismissed for want of prosecution (*Brown v. Burdick* (1974), 16 Ill. App. 3d 1071, 307 N.E.2d 409); however, we are cognizant of the intent of section 24 (Ill. Rev. Stat. 1975, ch. 83, par. 24a) which is to the effect that the statute is to be considered remedial and was enacted to avoid hardship to the plaintiff and to protect the plaintiff from complete loss of relief on the merits because of a procedural defect unrelated to the merits. See *Cook v. Britt* (1972), 8 Ill. App. 3d 674, 290 N.E.2d 908; *Chavez v. Elgin, J. & E. Ry. Co.* (1966), 78 Ill. App. 2d 53, 223 N.E.2d 220; *Tidwell v. Smith* (1965), 57 Ill. App. 2d 271, 205 N.E.2d 484.

With these rules in mind it is incumbent upon this court to examine in detail the conduct of the plaintiff in order to determine whether such conduct falls within the purview of the rules of law set forth in the precedental case relied on by the defendant, to-wit, *Brown v. Burdick* (1974), 16 Ill. App. 3d 1071, 307 N.E.2d 409. In *Burdick* the reviewing court held that a plaintiff was not sufficiently diligent as to be entitled to the protection of section 24 of the Limitations Act.

In *Burdick* we find a factual situation where a plaintiff filed suit on the last permissible day and appeared once thereafter to successfully challenge a motion to dismiss, but made no further effort to prosecute complaint for over four years and then only as the result of the suit being dismissed for want of prosecution. The plaintiff in *Burdick* thereafter sought to reinstate his complaint and upon being unsuccessful filed last-minute notice of appeal and did not file a second suit until a few days prior to expiration of the limitations period for the commencement of a new action upon reversal or nonsuit.

In *Burdick* the reviewing court found the plaintiff to be guilty of an extreme and self-initiated delay of prosecution which amounted to a virtual abandonment of his cause of action as was the plaintiff in the case of *Tidwell v. Smith* (1965), 57 Ill. App. 2d 271, 205 N.E.2d 484.

We do not conclude that the case of *Burdick* is analogous to the case we are now considering. In the instant case the plaintiff and likewise the defendant could have acted more expeditiously, however, we do not interpret the plaintiff's conduct to be that of an extreme self initiated delay which amounted to a virtual abandonment of his cause of action.

In oral argument before this court the defendant did not deny plaintiff's statement that after filing of the complaint negotiations for settlement were entered into between the parties and such settlement efforts continued over a period of several years. The defendant charges lack of diligence on the part of the plaintiff by his failure to appear at a hearing on a motion to dismiss the complaint on April 5, 1975. This motion was denied and it should be noted that neither the plaintiff or defendant were present in court on this date, and presumably because no notice was received by either party. Defendant, however, was present in court on March 20, 1973, when the hearing on defendant's motion to dismiss was reset for the date of April 5, 1973.

Without making an unnecessary recitation of the history of this case in the trial court, we believe it suffice to note that the defendant on one occasion requested and received a continuance, this being by correspondence dated December 31, 1971. The plaintiff by correspondence dated January 18, 1972, specifically requested of the clerk of the circuit court for a hearing date on a motion to dismiss. The defendant for more than one year failed to file responsive pleadings after having been directed to do so within 30 days. The plaintiff served written interrogatories on the defendant and attempted to make arrangements for the taking of discovery depositions. After having made a human error of miscalculating the time for filing a motion to vacate an order dismissing his case (the miscalculation being one day past the thirty day period within which such motion should be filed) the plaintiff persisted in his efforts to revive and reinstate his case by filing a section 72 petition (Ill. Rev. Stat. 1975, ch. 110, par. 72). When this petition was denied on February 27, 1976, the plaintiff filed a new complaint on March 3, 1976, and argued that such filing should be allowed by virtue of section 24 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 24a).

■■  We cannot equate the activity of the plaintiff in the instant case with the lack of activity on the part of the plaintiffs in the cases of *Brown v. Burdick* (1974), 16 Ill. App. 3d 1071, 307 N.E.2d 409; *Quirinio v. Chicago Tribune-New York News Syndicate, Inc.* (1973), 10 Ill. App. 3d 148, 294 N.E.2d 29; *Ray v. Bokorney* (1971), 133 Ill. App. 2d 141, 272 N.E.2d 836; or *Tidwell v. Smith* (1965), 57 Ill. App. 2d 271, 205 N.E.2d 484. In these enumerated cases relied on by the defendant we find "eleventh hour" actions on the part of the plaintiffs after they had virtually abandoned their cause of action. We find no such action on the part of the plaintiff in the instant case.

■■  We note that when the plaintiff's petition for relief of judgment pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72) was dismissed the trial court makes note of the fact that the petition and supporting affidavit were devoid of any mention of a

meritorious claim being possessed or vested in the plaintiff. We fail to find that the failure to make such an allegation has any bearing on the issue presented in this appeal which pertains solely to the applicability of section 24 of the Limitations Act. In fact we harbor serious doubts as to whether or not the failure to allege a meritorious claim in and of itself should defeat a section 72 petition when filed by a plaintiff who seeks relief from an ex parte order of dismissal. (See *Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 335 N.E.2d 116, and *Hall v. Hall* (1973), 15 Ill. App. 3d 599, 304 N.E.2d 763.) We are not, however, called upon to make a determination as to this question and consequently do not do so.

For the reasons set forth the order of the Circuit Court of LaSalle County dismissing plaintiff's complaint filed pursuant to section 24 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 24a) is reversed and the complaint is ordered reinstated.

Reversed and remanded.

STOUDER, P. J., and STENGEL, J., concur.