ANTHONY R. MARTIN-TRIGONA, Plaintiff-Appellant, v.
NICHOLAS GOULETAS et al., Defendants-Appellees.
First District (2nd Division)    No. 80-2300

Opinion filed March 23, 1982.

D. L. Bertelle, of Chicago, for appellant.

William E. Rattner and Norman G. Plotkin, both of Levy and Erens, of Chicago, for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, Anthony Martin-Trigona (Trigona), as represented by a trustee in bankruptcy, appeals from an order entered pursuant to section 48(1)(d) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(d)) finding his cause of action barred by a prior federal judgment and dismissing his amended complaint. The sole issue raised on appeal is whether section 24 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 24a) authorizes the filing of the same cause of action that was previously dismissed for want of prosecution by a Federal district court. For the reasons below, we affirm.

In the fall of 1976, Trigona entered into five real estate contracts with defendants, Bellevue Limited Partnership and Bellevue, Inc., allegedly agents of the other named defendants, Nicholas Gouletas, Evangeline Gouletas, Victor Goulet and American Invsco Realty (collectively Gouletas) to purchase five condominium units in a building located on East Bellevue Place, Chicago. In November 1976, Gouletas returned Trigona's earnest money, stating that the above contracts had been terminated for cause. On November 26, 1976, Trigona, appearing pro se, filed a complaint against Gouletas and almost 50 other defendants, containing nine counts. Count VIII, the only part of the complaint relevant here, alleged that defendants breached the aforementioned real estate contracts. That count was dismissed on the merits for want of prosecution on November 14, 1977; and, no appeal was taken therefrom. Under Rule 41(b) of the Federal Rules of Civil Procedure the order dismissing Trigona's action operated as an adjudication on the merits. *Harrelson v. United States* (5th Cir. 1980), 613 F.2d 114, 115; *LaSociete Anonymedes Parfums LeGalion v. Jean Patou, Inc.* (2d Cir. 1974), 495 F.2d 1265, 1275; *Walter E. Heller & Co. v. Cox* (S.D. N.Y. 1972), 343 F. Supp. 519, 524.

On September 26, 1979, Trigona, appearing pro se, commenced an action in the circuit court of Cook County, alleging, *inter alia*, breach of the five real estate contracts against some of the named defendants in the prior Federal action. Although Trigona concedes that the instant action alleges the same cause of action asserted in his Federal complaint, he contends that the prior Federal adjudication does not operate as a bar under well-established principles of res judicata, because of his purported

compliance with section 24 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 24a). We disagree.

The relevant part of that section provides that if an "* * * 'action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff * * * may commence a new action within one year or within the remaining period of limitation, whichever is greater, after * * * the action is dismissed for want of prosecution.' " A plaintiff who qualifies under this provision has an absolute right to refile his complaint at anytime within "one year or remaining period of limitations." (*Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 620, 363 N.E.2d 796; *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139-40, 361 N.E.2d 585.) Clearly, had Trigona's original action been brought in State court, section 24 would have permitted the commencement of the instant action, since there would have been no adjudication on the merits under Supreme Court Rule 273 (Ill. Rev. Stat. 1977, ch. 110A, par. 273) barring a subsequent suit on the same issues. (*O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 950, 420 N.E.2d 425.) Rule 273 provides:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."

In *Kutnick v. Grant* (1976), 65 Ill. 2d 177, 180-81, 357 N.E.2d 480, the court found that section 24 was a statute which "otherwise specifies" within the meaning of Rule 273 in holding that a prior dismissal qualifying under section 24 does not operate as a final judgment on the merits. See *O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 950; *Bruer v. Livingston County Board of Zoning Appeals* (1978), 66 Ill. App. 3d 938, 940, 383 N.E.2d 1016.

In contrast, since Rule 41(b) of the Federal Rules of Civil Procedure provides no exemption for statutes which "otherwise specify," a Federal dismissal for want of prosecution under that Rule operates as an adjudication on the merits. This distinction is fundamental, since under the doctrine of res judicata, a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to all rights of the parties and operates as an absolute bar to a subsequent action involving the same claim or cause of action. *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 122, 382 N.E.2d 1217; *Raymond Construction Co. v. Midwest America Development, Inc.* (1978), 67 Ill. App. 3d 332, 384 N.E.2d 907; *Glick v. Ballentine Produce, Inc.* (8th Cir. 1968), 397 F.2d 590, 593.

The cases Trigona cites in support of his position, *Factor v. Carson, Pirie Scott & Co.* (7th Cir. 1968), 393 F.2d 141, and *Sachs v. Ohio Nat. Life Ins. Co.* (7th Cir. 1942), 131 F.2d 134, are inapposite because both involve

earlier dismissals for lack of jurisdiction, dismissals by definition not on the merits. A judgment on the merits under Rule 41(b) by Federal court with proper jurisdiction is not subject to collateral attack. *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 45, 203 N.E.2d 415; *Kern v. Hettinger* (2d Cir. 1962), 303 F.2d 333, 340; but see *Aronson v. North Park College* (1981), 94 Ill. App. 3d 211, 418 N.E.2d 776.

In view of the foregoing, we conclude that section 24 cannot be reasonably construed to apply to dismissals on the merits by Federal courts of competent jurisdiction.

Affirmed.

DOWNING and PERLIN, JJ., concur.