KENNETH P. OLSON, Plaintiff-Appellant, *v.* DWINN-SHAFFER AND COMPANY, Defendant-Appellee.

First District (1st Division)   No. 82—1510

Opinion filed May 16, 1983.

William J. Harte, Ltd., and Richard J. Prendergast, Ltd., both of Chicago, for appellant.

Morton Denlow and Jeffrey T. Gilbert, both of Sachnoff, Weaver & Rubenstein, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

This appeal arises out of an order of the circuit court of Cook County dismissing plaintiff Kenneth P. Olson's complaint. The trial court held that plaintiff's claim was barred by a dismissal entered in a previously filed Federal action involving the same dispute. On appeal, plaintiff contends that section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a, now codified at Ill. Rev. Stat. 1981, ch. 110, par. 13—217) authorized the refiling in State court of the same claim previously brought in Federal court.

The record reveals that on February 6, 1978, Olson filed a complaint against defendant Dwinn-Shaffer and Company in the United States District Court for the Northern District of Illinois. Olson alleged that in April 1977 Dwinn-Shaffer had defaulted on its obligation under an agreement to procure mortgage financing for a real estate development. The complaint was subsequently dismissed without prejudice for want of prosecution on June 7, 1979. Approximately six months later, Olson filed a petition in Federal district court to vacate the June 7 dismissal and have the cause set for trial within 30 days. On February 5, 1980, an order was entered denying plaintiff's petition to vacate the dismissal and reinstate the cause. The order stated:

"The plaintiff's current petition is in reality a motion for relief from judgment, Rule 60(b), Fed. R. Civ. P., and thus will be treated as such by the court. The relief sought by plaintiff in his present motion is extraordinary in nature, and can be granted only upon a showing of exceptional circumstances. [Citation.] Plaintiff Olson, having failed to establish that he is in any way entitled to relief under Rule 60(b), clearly has not made such a showing."

Olson subsequently retained new counsel and on September 1, 1981, filed a substantially identical action in the circuit court of Cook County. Dwinn-Shaffer moved to dismiss the complaint, asserting the action was barred under the doctrine of *res judicata*. Defendant argued that denial of plaintiff's Rule 60(b) petition to vacate and reinstate the cause converted the original dismissal for want of prosecution to a judgment on the merits and, therefore, refiling under section 24 of

the Limitations Act should be barred.

Plaintiff Olson, in appealing from the order of the circuit court granting defendant Dwinn-Shaffer's motion to dismiss, contends that the denial of the Rule 60(b) motion in Federal court had no effect on the underlying order of dismissal for want of prosecution and he should, therefore, be permitted to refile in State court pursuant to section 24. We agree.

Section 24 of the Limitations Act provides, in pertinent part:

"[If] the action is dismissed for want or prosecution *** whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater *** after *** the action is dismissed for want of prosecution." Ill. Rev. Stat. 1979, ch. 83, par. 24a.

Section 24 has been construed in connection with Illinois Supreme Court Rule 273, which deals with the *res judicata* effect of an involuntary dismissal. Rule 273 provides:

"Unless the order of dismissal *or a statute of this State otherwise specifies*, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (Emphasis added.) 87 Ill. 2d R. 273.

Illinois decisions have squarely held that section 24 is one of the statues which "otherwise specifies" in terms of Rule 273. (*Kutnick v. Grant* (1976), 65 Ill. 2d 177, 357 N.E.2d 480; *O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 420 N.E.2d 425.) A plaintiff who qualifies under this provision has an absolute right to refile his complaint within one year or the remaining period of limitations. (*Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796; *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585.) Moreover, it is clear that a dismissal for want of prosecution in Illinois is considered not to be an adjudication on the merits, not to prejudice the case of the party against whom it is entered, and not to act as a bar to a subsequent suit on the same issues. *Franzese v. Trinko* (1977), 66 Ill. 2d 136; *Wold v. Bull Valley Management Co.* (1981), 97 Ill. App. 3d 516, 423 N.E.2d 201; *O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947.

Clearly, section 24 has been construed as evincing a policy in favor of permitting plaintiffs to have their day in court regardless of whether or not they have been diligent in prosecuting their claims. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 140.) In dealing with dismissals entered in foreign courts, however, policy considerations under-

928

lying the doctrine of *res judicata* and favoring the repose of judgments should also be taken into account. Thus, the issue before us ultimately becomes one of whether the June 7 order of dismissal entered in the Federal district court was equivalent to a dismissal for want of prosecution in our State court in that it would not have precluded subsequent refiling in Federal court.

A dismissal for want of prosecution in Federal court is governed by Rule 41(b) of the Federal Rules of Civil Procedure. In contrast to Illinois law, such dismissals operate as an adjudication on the merits unless the order of dismissal otherwise specifies. This distinction was relied on in *Martin-Trigona v. Gouletas* (1982), 105 Ill. App. 3d 28, 433 N.E.2d 1132, in holding that a dismissal for want of prosecution in Federal court, which did *not* specify that it was without prejudice, barred subsequent refiling in the Illinois circuit court under section 24 of the Limitations Act. The court's reasoning in *Martin-Trigona* was predicated on the fact that under the doctrine of *res judicata*, such a dismissal created a bar to subsequent refiling in Federal court. Therefore, to allow refiling in State court via section 24 would constitute an impermissible collateral attack on a final Federal court judgment. (105 Ill. App. 3d 28, 31.) See *Stoll v. Gottlieb* (1938), 305 U.S. 165, 83 L. Ed. 104, 59 S. Ct. 134, reversing the Illinois Supreme Court (368 Ill. 88, 12 N.E.2d 881) for permitting a collateral attack on a prior Federal district court judgment; see also *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 45, 203 N.E.2d 415; *Baum v. Sosin* (1978), 61 Ill. App. 3d 394, 377 N.E.2d 1262.

■ In the present case, however, the original order of dismissal for want of prosecution clearly specified that it was without prejudice, and therefore *Martin-Trigona* is not controlling. A dismissal for want of prosecution without prejudice pursuant to Rule 41(b) is not considered an adjudication on the merits under Federal law and such orders have no binding *res judicata* effects. (See *Elfenbein v. Gulf & Western Industries, Inc.* (2d Cir. 1978), 590 F.2d 445; *Rinehart v. Locke* (7th Cir. 1971), 454 F.2d 313.) In these respects, such a dismissal is equivalent to our State court dismissal for want of prosecution and, therefore, refiling under section 24 of the Limitations Act should be permitted. To hold otherwise would result in broadening the *res judicata* effect of the Federal court dismissal beyond the original scope of the order and would deprive plaintiff of his day in court.

■ Defendant argues that although plaintiff may have had the right to refile in State court initially, his motion to vacate the dismissal amounted to an irrevocable election to proceed in Federal court on the merits. Defendant contends that since the denial of plaintiff's Rule 60(b) motion was an appealable order, plaintiff's sole recourse from the

ruling was to take an appeal in Federal court. We find that neither the nature of the Rule 60(b) motion nor the record below supports defendant's contention.

Rule 60(b) of the Federal Rules of Civil Procedure is concerned with relief from final judgments, orders, or proceedings. As the previously quoted order of the Federal district court indicates, relief under Rule 60(b) is extraordinary in nature. The movant must demonstrate that he has a meritorious defense and that, arguably, one of four conditions for relief applies—mistake, inadvertence, surprise, or excusable neglect. (*Ben Sager Chemicals International, Inc. v. E. Targosz & Co.* (7th Cir. 1977), 560 F.2d 805, 809; *Di Vito v. Fidelity & Deposit Co.* (7th Cir. 1966), 361 F.2d 936, 938.) While it is true that the granting or denying of a motion pursuant to Rule 60(b) is an appealable order (*Darlington v. Studebaker-Packard Corp.* (7th Cir. 1959), 261 F.2d 903), an appeal from a denial of Rule 60(b) relief does not bring up the underlying judgment for review (*Browder v. Director, Department of Corrections* (1978), 434 U.S. 257, 263 n.7, 54 L. Ed. 2d 521, 530 n.7, 98 S. Ct. 556, 560 n.7). Arguments on appeal must be evaluated solely as bearing on the district court's exercise of discretion in denying the motion. (*Securities & Exchange Com. v. Seaboard Corp.* (9th Cir. 1982), 666 F.2d 414.) Consequently, had plaintiff Olson appealed, the only issue before the reviewing court would have been whether he had demonstrated sufficient grounds required under Rule 60(b) to vacate the previous order.

Considering the limited scope of review on appeal, it cannot be said that filing the Rule 60(b) motion resulted in an adjudication on the merits. As the order denying the motion clearly revealed, the only matter adjudicated at that hearing was whether a proper showing had been made so as to justify granting the extraordinary relief requested. There is no indication that the original dismissal for want of prosecution without prejudice was to be modified or that subsequent filing in Federal court would be barred. Accordingly, we find that the only effect the denial of plaintiff Olson's motion to vacate the order of June 7, 1979, had was to leave the original order of dismissal without prejudice intact.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

McGLOON and CAMPBELL, JJ., concur.