CHARLES J. FANARO, JR., on behalf of himself and other persons similarly situated, Plaintiffs-Appellees, v. THE FIRST NATIONAL BANK OF CHICAGO, Defendant-Appellant.

First District (2nd Division)   No. 86—3497

Opinion filed September 8, 1987.

Peter J. Kilchenmann, Lynn A. Goldstein, and Cynthia H. Hyndman, all of Chicago, for appellant.

Marshall Patner, of Chicago, for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant First National Bank of Chicago (First Chicago) filed a permissive interlocutory appeal from the denial of its motion to dismiss plaintiff's complaint, contending that the complaint should have been barred by section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217) since it had been preceded by two similar complaints, one in State court, which had been dismissed for want of prosecution, and a second in Federal court, which was dismissed when pendent jurisdiction was terminated. Both arose from the same occurrence and were against the same defendant.

Plaintiff invested in a tax shelter operated by First Chicago. On February 4, 1982, First Chicago assessed and collected a "termination fee" when plaintiff ended the tax shelter. Plaintiff filed a three-count class action (the first State court action) in the circuit court of Cook County on October 4, 1982, alleging that First Chicago's assessment and collection of the termination fee violated the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1981, ch. 121½, par. 262), breached its contract with plaintiff, and breached its fiduciary duty to plaintiff. The action was dismissed for want of prosecution on March 21, 1984. Four months later, on July 27, 1984, plaintiff filed a petition to vacate the dismissal, which was denied on November 2, 1984. Due to plaintiff's section 13—217 right to refile his action following its dismissal for want of prosecution, no appeal could have been taken from the denial of his petition to vacate the dismissal. *Flores v. Dugan* (1982), 91 Ill. 2d 108, 111-12, 435 N.E.2d 480.

Plaintiff subsequently filed a complaint in the United States District Court for the Northern District of Illinois (the Federal court action) on February 8, 1985. The Federal court action also arose from First Chicago's assessment and collection of the termination fee, but alleged exclusively Federal claims arising from violations of section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C.

sec. 78j(b) (1982)) and of the Racketeer Influenced and Corrupt Organization Act (18 U.S.C. sec. 1961 (1982)); that complaint also alleged, under Federal pendent jurisdiction, the three claims previously dismissed by the circuit court of Cook County for want of prosecution: breach of contract, breach of fiduciary duty, and violation of the Consumer Fraud Act.

On October 31, 1985, the district court dismissed plaintiff's Federal claims for failure to state claims upon which relief could be granted and terminated the three pendent State claims when pendent jurisdiction ceased to exist.

On April 2, 1986, plaintiff, returning to the circuit court of Cook County, filed a third complaint (the second State court action), again premised upon First Chicago's assessment and collection of the termination fees. In this second State court action, plaintiff realleged the counts for breach of contract, breach of fiduciary duty, and violation of the Consumer Fraud Act, and added a count for common law fraud.

On May 9, 1986, First Chicago moved to dismiss the second State court action under section 2—619 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1985, ch. 110, pars. 2—619(a)(5), (a)(9)) contending that the action was barred by section 13—217 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 13—217). The circuit court denied the motion to dismiss on October 20, 1986.

Defendant then moved the circuit court to certify an interlocutory appeal under Supreme Court Rule 308. (107 Ill. 2d R. 308.) At a hearing on the question of certifying the appeal, the circuit court elaborated upon its denial of defendant's motion to dismiss, stating that although section 13—217 of the Code allowed for only a single refiling of an action following a dismissal for want of prosecution, the Federal filing, and the subsequent termination of the pendent State claims by the district court, did not constitute the single refiling permitted by section 13—217 since the pendent claims had "automatically" fallen with the dismissal of the two Federal claims. On December 3, 1986, the circuit court entered an order certifying the question, finding that the October 20, 1986, order denying defendant's motion to dismiss involved a question of law on which there were substantial grounds for differences of opinion and that an immediate appeal from the order denying dismissal might materially advance the ultimate termination of the litigation. On January 6, 1987, this court granted defendant's application for leave to appeal under Supreme Court Rule 308. 107 Ill. 2d R. 308.

Defendant contends that the instant action, which is plaintiff's

third assertion of claims arising from the assessment and collection of the termination fee, should have been barred by application of section 13—217. That section provides, in pertinent part:

"In *** actions *** where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, then, *** the plaintiff, *** may commence a new action within one year or within the remaining period of limitation, whichever is greater ***." (Ill. Rev. Stat. 1985, ch. 110, par. 13—217.)

Defendant asserts that the interposed Federal action precluded plaintiff from maintaining the instant action. Plaintiff, however, argues that this action represents a proper refiling of his first State action and dismissal of the intervening Federal action should not operate to preclude this action since the State law claims were merely present as matters of Federal pendent jurisdiction.

■ Section 13—217, when applicable, provides plaintiffs with an absolute right to refile an action if its prior disposition was based upon the reasons specified therein. (*Gendek v. Jehangir* (1987), 151 Ill. App. 3d 1028, 1031, 503 N.E.2d 1161.) It does not authorize the successive and endless refiling of the same action; rather, it permits only a single refiling within one year of dismissal or during the remaining limitations period, whichever is longer. (151 Ill. App. 3d 1028, 1031, 503 N.E.2d 1161; *Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 73, 478 N.E.2d 1078, *appeal denied* (1985), 108 Ill. 2d 585; *Olson v. Dwinn-Shaffer & Co.* (1983), 114 Ill. App. 3d 925, 927, 449 N.E.2d 882; *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 387, 385 N.E.2d 62, *appeal denied* (1979), 75 Ill. 2d 594.) Defendant contends that the dismissed Federal action constituted plaintiff's single permitted refiling.

■■ ■ Section 13—217, remedial in nature, must be liberally construed (*O'Connor v. Ohio Centennial Corp.* (1984), 124 Ill. App. 3d 281, 283, 463 N.E.2d 1376); it evinces a policy in favor of permitting plaintiffs to have their day in court and forgives lack of diligence (*Olson v. Dwinn-Shaffer & Co.* (1983), 114 Ill. App. 3d 925, 927, 449 N.E.2d 882). It was enacted in order to avoid the frustration of claims upon technical procedural grounds unrelated to the underlying merits of a cause and to facilitate the disposition of litigation on the merits. (*Gendek v. Jehangir* (1987), 151 Ill. App. 3d 1028, 1031, 503 N.E.2d 1161.) The absolute right applies to the refiling of an action against the same party or parties realleging the same cause or

causes of action. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 112, 435 N.E.2d 480.) It is limited, however, to a one-time application and does not authorize an interminable progression of actions. *Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 73, 478 N.E.2d 1078; *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 387, 385 N.E.2d 62.

■■■ A dismissal for want of prosecution in Illinois is not considered to be an adjudication on the merits, nor does it prejudice the case of the party against whom it was entered, or act as a bar to the subsequent litigation of the same issue against the same party. (*Olson v. Dwinn-Shaffer & Co.* (1983), 114 Ill. App. 3d 925, 927, 449 N.E.2d 882.) Because of a plaintiff's absolute one-time right to refile an action under section 13—217, a dismissal for want of prosecution, as in the first State court action here, is not a final and appealable order unless a plaintiff has already exercised his or her right to a section 13—217 refiling which then has been subsequently dismissed for want of prosecution. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 111-12, 435 N.E.2d 480; *Kutnick v. Grant* (1976), 65 Ill. 2d 177, 180-81, 357 N.E.2d 480.) A dismissal for want of prosecution, followed by vacatur of the dismissal by the circuit court, involves only one action and that action's procedural continuance; accordingly, subsequently vacated dismissals do not trigger section 13—217 and its one-time application remains available. *O'Connor v. Ohio Centennial Corp.* (1984), 124 Ill. App. 3d 281, 283, 463 N.E.2d 1376.

■■ Dismissals entered by foreign jurisdictions, however, necessitate consideration of the policies favoring the repose of judgments and underlying the doctrine of *res judicata*. (*Olson v. Dwinn-Shaffer & Co.* (1983), 114 Ill. App. 3d 925, 927-28, 449 N.E.2d 882.) Section 13—217 does not permit refiling an action in the circuit court when that action was previously dismissed in a manner considered to have been an adjudication on the merits by a Federal court of competent jurisdiction. *Blaszczak v. City of Palos Hills* (1984), 123 Ill. App. 3d 699, 701, 463 N.E.2d 762, *appeal denied* (1984), 101 Ill. 2d 563; *Martin-Trigona v. Gouletas* (1982), 105 Ill. App. 3d 28, 31, 433 N.E.2d 1132, *appeal denied* (1982), 91 Ill. 2d 571.

■■ ■ Federal procedure, unlike that of Illinois, considers a dismissal for want of prosecution to be an adjudication on the merits which thereby bars the subsequent application of section 13—217 by the State courts. (*Blaszczak v. City of Palos Hills* (1984), 123 Ill. App. 3d 699, 702, 463 N.E.2d 762; *Olson v. Dwinn-Shaffer & Co.* (1983), 114 Ill. App. 3d 925, 928, 449 N.E.2d 882; *Martin-Trigona v. Gouletas* (1982), 105 Ill. App. 3d 28, 30, 433 N.E.2d 1132.) *Res judi-*

*cata* attaches, transforming any refiling of the dismissed Federal action in an Illinois court into an impermissible collateral attack upon a Federal judgment. (*Olson v. Dwinn-Shaffer & Co.* (1983), 114 Ill. App. 3d 925, 928, 449 N.E.2d 882; *Martin-Trigona v. Gouletas* (1982), 105 Ill. App. 3d 28, 30-31, 433 N.E.2d 1132; see *Stoll v. Gottlieb* (1938), 305 U.S. 165, 83 L. Ed. 104, 59 S. Ct. 134.) A dismissal by a Federal court for lack of jurisdiction of the pending action is not an adjudication on the merits and does not bar the subsequent litigation of the action in an Illinois court under application of section 13—217. *Factor v. Carson, Pirie Scott & Co.* (7th Cir. 1968), 393 F.2d 141, *cert. denied* (1968), 393 U.S. 834 21 L. Ed. 2d 105, 89 S. Ct. 107; *Conner v. Copley Press, Inc.* (1983), 112 Ill. App. 3d 248, 250-51, 445 N.E.2d 458, *aff'd* (1984), 99 Ill. 2d 382.

In the case *sub judice,* plaintiff contends that he attempted to litigate his State law claims in Federal court under the doctrine of pendent jurisdiction, but that his efforts were thwarted when his accompanying Federal claims were dismissed, leading to the resultant dismissal of his pendent State claims. Defendant counters that section 13—217 is explicit in its inclusion of jurisdictional dismissals from Federal court.

Section 13—217 expressly permits the filing of an action in the circuit court following the action's dismissal by a Federal district court for lack of jurisdiction. Plaintiff here had previously filed his initial complaint in the circuit court; if he had only filed either the State or Federal court actions, his current complaint would clearly lie within the area of claims permissibly refiled under section 13—217. He chose instead to first file in the circuit court, allowed the action to be dismissed for want of prosecution and then filed in the district court, where his action was terminated only because pendent jurisdiction no longer existed.

The district court indeed specifically stated: "As we have dismissed the federal claims, our pendent jurisdiction is terminated[.] (*United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966).)" The termination of pendent jurisdiction was premised upon the removal of the independent grounds for Federal jurisdiction. It was not a dismissal for lack of subject matter jurisdiction since the district court never affirmatively acted to exercise pendent jurisdiction and never considered whether the claims could have been maintained. See *Buethe v. Britt Airlines, Inc.* (7th Cir. 1984), 749 F.2d 1235, 1239-40.

■ Accordingly, when the interposed Federal action was dismissed, causing pendent jurisdiction to be terminated, that termination did not constitute the single allowable refiling under section 13—

217. The circuit court's denial of defendant's motion to dismiss the complaint therefore must be affirmed.

Affirmed.

STAMOS and BILANDIC, JJ., concur.