DONALD J. STEPHAN, Adm'r of the Estate of William W. Stephan, Deceased, *et al.*, Plaintiffs-Appellants, v. SELVIC MARINE TOWING COMPANY *et al.*, Defendants-Appellees.

First District (3rd Division) No. 1—89—1093

Opinion filed July 18, 1990.

Michael W. Rathsack, of Chicago, for appellants.

Brydges, Risenborough, Morris, Franke & Miller, of Chicago, for appellees.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

The plaintiff, Donald Stephan, as administrator of the estate of William Stephan, deceased, appeals from a judgment of the circuit court dismissing his wrongful death action for being time barred. The question presented is whether a plaintiff may invoke Illinois' "saving" statute (Ill. Rev. Stat. 1987, ch. 110, par. 13—217) to extend the period of limitation in actions brought pursuant to the Jones Act (46 U.S.C. §688 (Supp. 1987)).

The plaintiff's decedent was employed as an engineer by the Selvic Marine Towing Corporation (Selvic), which is engaged in the business of towing marine vessels on the Great Lakes. On November 5, 1980, the plaintiff's decedent was on board the M/V Lauren Castle, a towing vessel owned by Selvic, when that vessel sank after colliding with the S/S Amoco Wisconsin. At the time, the M/V Lauren Castle had been towing the S/S Amoco Wisconsin.

The plaintiff filed an action against Selvic and three Selvic employees pursuant to the Jones Act on November 7, 1983, in the United States District Court for the Eastern District of Wisconsin. On May 16, 1984, the district court dismissed the plaintiff's action for want of prosecution pursuant to local rule when the plaintiff failed to obtain service within six months after the action was filed. On May 16, 1985, plaintiff filed the present action in the circuit court of Cook County. A special process server was appointed, and the defendant was served on July 18, 1985. Although the Federal action was timely filed, the trial court dismissed the plaintiff's State action, holding that our "saving" statute does not apply in Jones Act cases and that the plaintiff's action was time barred.

The Jones Act, which expressly incorporates the provisions of the Federal Employers' Liability Act (45 U.S.C. §51 et seq. (1987)), provides in pertinent part as follows:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law *** and in case of the death of any seaman as

a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable." (46 U.S.C. §686 (1982).)

Section 56 of the Federal Employers' Liability Act (FELA), which confers concurrent jurisdiction upon the States, contains a three-year statute of limitations. (45 U.S.C. §56 (1987).) The plaintiff's Federal action was filed on the last day of the statutory period, which would have expired on November 5, 1983, except that November 5, 1983, fell on a Saturday.

■■ ■ Our "saving" statute, section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—217), permits a plaintiff to refile an action that has been previously dismissed for want of prosecution within the remaining period of limitations or within one year from the date of dismissal "whether or not the time limitation for bringing such action [has expired]." Section 13—217 grants an absolute right to refile to qualified plaintiffs regardless of whether or not they have diligently prosecuted their claims. (*Olson v. Dwinn-Shaffer & Co.* (1983), 114 Ill. App. 3d 925, 927, 449 N.E.2d 882.) Section 13—217 applies not only to actions initially filed in Illinois, but it also applies to actions originally brought in foreign courts if the dismissal in the foreign court is equivalent to the types of dismissals enumerated in section 13—217. (*Olson*, 114 Ill. App. 3d at 928.) Where a dismissal in a Federal court for want of prosecution is without prejudice, as is the case here, the dismissal is equivalent to our State court dismissal for want of prosecution and has no *res judicata* effect. *Olson*, 114 Ill. App. 3d at 928.

Saving statutes, or revival statutes as they are sometimes called, avoid hardship by extending the running of statutes of limitations where cases are dismissed for procedural reasons unrelated to the merits so that the plaintiff can have his day in court. (*Brown v. Tinder* (1977), 48 Ill. App. 3d 489, 492, 359 N.E.2d 494.) Statutes of limitations, which afford defendants protection from having to defend stale claims (*Kristan v. Belmont Community Hospital* (1977), 51 Ill. App. 3d 523, 527, 366 N.E.2d 1068), no longer serve their purpose where an action has been filed within the applicable statutory period only to be dismissed without an adjudication on the merits. In that situation, the defendant has been put on notice of the claim against him and cannot be prejudiced if the applicable statute of limitations is extended so that the action can be properly commenced. *Kristan,*

51 Ill. App. 3d at 527.

The trial judge held, however, that application of section 13—217 is precluded by the Federal rule enunciated in *Burnett v. New York Central R.R. Co.* (1965), 380 U.S. 424, 13 L. Ed. 2d 941, 85 S. Ct. 1050, that State "saving" statutes must yield to the rule of national uniformity where an action is governed by Federal law. In *Burnett*, a railroad employee brought an action in the State of Ohio under the FELA. The suit was dismissed for improper venue, and the employee filed the identical action in Federal court because the State action was not transferable under Ohio law. Although the State action had been timely filed, the Federal action was dismissed because it had not been instituted within the FELA's limitation provision. The Supreme Court reversed, holding that the FELA statute of limitations was tolled during the pendency of the Ohio action. *Burnett*, 380 U.S. at 426, 13 L. Ed. 2d at 944, 85 S. Ct. at 1053.

In fashioning a Federal rule for determining how long a procedurally defective State action tolls the FELA statute of limitations, the Court rejected the employee's solution that State "saving" statutes ought to be incorporated. (*Burnett*, 380 U.S. at 432-33, 13 L. Ed. 2d at 948, 85 S. Ct. at 1057.) The Court noted that not all States have "saving" statutes, and of the States that do have such statutes, the scope and additional time allowed differ from State to State. (*Burnett*, 380 U.S. at 433, 13 L. Ed. 2d at 948, 85 S. Ct. at 1057.) The Court stated that such incorporation of State "saving" statutes would defeat the aim of national uniformity served by the Act's limitation provision. (*Burnett*, 380 U.S. at 433, 13 L. Ed. 2d at 948, 85 S. Ct. at 1057.) Instead, the Court decided that "the limitation provision is tolled until the state court order dismissing the state action becomes final by the running of the time during which an appeal may be taken or the entry of a final judgment on appeal." (*Burnett*, 380 U.S. at 435, 13 L. Ed. 2d at 949, 85 S. Ct. at 1058.) Although the rule formulated by the Court produces nonuniformity since the time allowed for taking appeals differs from State to State, the Court concluded that State "saving" statutes were far less uniform. (*Burnett*, 380 U.S. at 435, 13 L. Ed. 2d at 949, 85 S. Ct. at 1058.) Because the plaintiff in the instant case filed his action on the last day of the statutory period, there was no time remaining that could be tolled during the pendency of the Federal action.

The plaintiff asserts that *Burnett* is limited to its facts because the action was brought under the FELA as opposed to the Jones Act and involved a plaintiff who was dismissed for improper venue in a State that did not have a "transfer" statute. The plaintiff further

maintains that actions involving the railroad industry have posed special problems for the courts due to the organization and complexity of that industry and are therefore different from actions involving the shipping industry. The plaintiff concludes therefore that there is no way to know whether the *Burnett* Court would have given the same treatment to a Jones Act case. The plaintiff then refers us to a pre-*Burnett* decision, *Breneman v. Cincinnati, New Orleans & Texas Pacific Ry. Co.* (1961), 48 Tenn. App. 290, 346 S.W.2d 273, which applied a State "saving" statute to a FELA case. The plaintiff also contends that the policy of national uniformity has been eroded by the recent decision in *Wilson v. Garcia* (1985), 471 U.S. 261, 85 L. Ed. 2d 254, 105 S. Ct. 1938. In *Wilson*, the Supreme Court held that State statutes of limitations governing personal injury actions are the most appropriate statutes of limitations for section 1983 civil rights cases. (*Wilson*, 471 U.S. at 280, 85 L. Ed. 2d at 269, 105 S. Ct. at 1949.) Therefore, the plaintiff urges us to make a departure from the rule of uniformity in Jones Act cases.

■ We find the plaintiff's arguments unpersuasive as we do not read *Burnett* so narrowly. It is also apparent that Congress chose to treat the railroad and shipping industries similarly, as the Jones Act expressly incorporates the FELA. In discussing the FELA, the *Burnett* Court wrote:

> "This Court has long recognized that the FELA 'has a uniform operation, and neither is nor can be deflected therefrom by local statutes.' [Citations.] This Court has also specifically held that '[t]he period of time within which an action may be commenced is a material element in ... [a] uniformity of operation' which Congress would not wish 'to be destroyed by the varying provisions of the state statutes of limitation.' [Citation.]" (*Burnett*, 380 U.S. at 433, 13 L. Ed. 2d at 948, 85 S. Ct. at 1057.)

The decisions rendered after *Burnett* support the defendant's position that our "saving" statute is inapplicable. See *Davis v. Smith's Transfer, Inc.* (6th Cir. 1988), 841 F.2d 139, 140; *Stine v. Kansas City Terminal Ry. Co.* (Mo. App. 1978), 564 S.W.2d 619, 621; *People of The Living God v. Star Towing Co.* (E.D. La. 1968), 289 F. Supp. 635, 639; *Izquierdo v. Cities Service Oil Co.* (S.D. N.Y. 1965), 244 F. Supp. 758, 760.

■ ■ Further, the plaintiff's reliance on *Wilson* is misplaced. *Wilson* is distinguishable for the reason that the Civil Rights Act, unlike the Jones Act and the FELA, does not contain a limitations provision. (*Wilson*, 471 U.S. at 266, 85 L. Ed. 2d at 260, 105 S. Ct. at 1942.) When Congress has not established a time limitation for a Fed-

eral cause of action, the settled practice has been to adopt a local time limitation if it is not inconsistent with Federal law or policy. (*Wilson*, 471 U.S. at 266-67, 85 L. Ed. 2d at 260, 105 S. Ct. at 1942. See also *DelCostello v. International Brotherhood of Teamsters* (1983), 462 U.S. 151, 158-59, 76 L. Ed. 2d 476, 485, 103 S. Ct. 2281, 2287-88.) Here, however, Congress has spoken. Accordingly, we hold that section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—217) is inapplicable in Jones Act cases under the rule of *Burnett v. New York Central R.R. Co.* (1965), 380 U.S. 424, 13 L. Ed. 2d 941, 85 S. Ct. 1050.

Judgment affirmed.

WHITE and FREEMAN, JJ., concur.