THE ENVIRONMENTAL PROTECTION AGENCY, Petitioner, *v.* THE
POLLUTION CONTROL BOARD *et al.*, Respondents.

Fifth District No. 75-369

Opinion filed April 20, 1976.

William J. Scott, Attorney General, of Springfield (Larry R. Eaton and Russell
R. Eggert, Assistant Attorneys General, of counsel), for petitioner.

George R. Ripplinger, Jr., Assistant Corporation Counsel, of Belleville, for respondent City of East St. Louis.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

Petitioner, the Illinois Environmental Protection Agency, pursuant to section 41 of the Illinois Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1041) and Supreme Court Rule 335 (Ill. Rev. Stat. 1975, ch. 110A, par. 335), seeks review of an order of the respondent, Pollution Control Board, granting a permit to operate a sanitary landfill to the City of East St. Louis since the Agency failed to act upon a permit application within 45 days of its submission. We affirm the order of the Pollution Control Board.

Prior to July 27, 1974, and until September 18, 1974, respondent, the City of East St. Louis, Illinois, owned and operated a sanitary landfill without a permit as required by chapter 7 of the Illinois Pollution Control Board Rules and Regulations (hereinafter "Rules"). Because this solid waste management site was in existence at the time the regulations were adopted, July 19, 1973, the City had a year from the effective date, July 27, 1973, within which to secure a permit to operate the facility. (Rule 202(b)(1).) On September 19, 1974, the City submitted to the Agency an application for a permit, which was denied on December 2, 1974. In its letter denying the application, the Agency indicated that the City had submitted a completed application form for "clean fill," rather than the appropriate form for a landfill for general solid wastes. Because the submitted application form did not contain sufficient data and information, the Agency refused to issue the permit.

The Agency filed a complaint before the Pollution Control Board on January 3, 1975, alleging that the City had failed to secure an operating permit for its solid waste treatment site and therefore was in violation of Rule 202(b)(1). On February 14, 1975, the City filed a motion to dismiss the Agency's complaint on the grounds that the Agency had failed to act upon its application for an operating permit within 45 days, and hence the permit was deemed granted under Rule 205(g). The agency responded that the City's motion was improper because it was not filed within 15 days of the filing of the complaint. A hearing was held on February 20, 1975, on the allegations of the complaint and the motion to dismiss at which time the parties stipulated to the relevant facts. By an order dated March 6, 1975, the Board ruled the City's motions moot and dismissed the complaint. In a subsequent opinion, the Board found that the permit was deemed granted because the agency did not act upon the application within 45 days of filing, but fined the City for its failure to secure a permit for the operation of the landfill from July 27 to September 18, 1974. The

City does not here challenge the finding of violation by the Board or the fine imposed.

The sole issue raised here is whether the Board erred in finding that the permit was deemed granted for the Agency's failure to act upon the permit application within 45 days.

■■ The Agency here contends that the instant application was for a development permit and not for an operating permit. A development permit is deemed granted only if the Agency fails to act upon an application for such a permit within 90 days of its submission to the Agency, while an operating permit is deemed granted if the application is not acted upon within 45 days. Since the Agency here denied the City's application 74 days after it was submitted, the Agency acted within the time period allowed for a development permit, but not for an operating permit. We believe, however, that petitioner has waived this issue since it did not raise the argument in the proceedings before the Board. Where a party has presented his case to an administrative agency upon a certain and definite theory, it will not be permitted to change in court and prevail upon another theory and issue not advanced to the agency. (*Robert S. Abbott Publishing Co. v. Annunzio*, 414 Ill. 559, 112 N.E.2d 102 (1953).) In the instant case, the Agency objected to the City's motion to dismiss only on the grounds that it was not timely filed and that it went to the merits of the complaint which should not be dismissed at the pleading stage. The Agency did not assert that the application was for a development permit. Indeed the Agency's complaint alleged that the City had violated the Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1021(e)), and the Board's Solid Waste Rules, in particular Rule 202(b)(1), because it had failed to obtain an operating permit. Petitioner asserts that the issue of whether the permit was deemed granted was first recognized by the Board in its opinion and order dismissing the complaint. Yet the City had advanced this argument in its motion to dismiss. The Agency failed to respond to this point, choosing to rely upon a procedural argument in opposition to the City's motion. Although the Board denied the City's motion as moot, this was the only logical disposition it could make of the motion when it determined that the permit was deemed to have been granted, the very argument advanced in the City's motion.

■■ Even if petitioner has not waived this argument, the decision of the Pollution Control Board must be affirmed. Under the Administrative Review Act the factual conclusions and findings of an administrative agency must be held prima facie true and correct. (Ill. Rev. Stat. 1975, ch. 110, par. 274.) Whether the instant application was for an operating permit or a development permit is essentially a question of fact and hence

we must sustain the order of the Board if it is supported by sufficient and credible evidence. We can reverse the Board's order only if we can say that its implicit finding that the City had applied for an operating permit was based upon insufficient or incredible evidence, or was arbitrary and capricious. (*Holiday Inns, Inc. v. Pollution Control Board*, 27 Ill. App. 3d 704, 327 N.E.2d 364 (5th Dist. 1975); *Shell Oil Co. v. Pollution Control Board*, 24 Ill. App. 3d 549, 321 N.E.2d 170 (5th Dist. 1974).) The evidence contained in exhibits and stipulations is capable of supporting either position. An application for an operating permit must also contain the information required for a development permit. (Rule 316(b).) Nothing appears in the instant permit application to indicate that any change in the physical structure or method of operation of the respondent's landfill was planned. Hence there was no "modification" of the site proposed, as that term is currently defined (Rule 104(k)) which would require that a development permit be applied for. (Rule 201.) Respondent was required to apply only for an operating permit. (Rule 202(b)(1).) We attach no significance in this case to the denomination of the application as one for a permit "to develop and operate." This caption was preprinted upon the Agency's application form and was not affixed by the City. To attach controlling weight to the Agency's captioning would permit the Agency to avoid the 45-day rule for operating permit applications and make that portion of Rule 205(g) meaningless. Thus we find that the Board's determination that the City had applied for an operating permit was supported by sufficient, credible evidence. Therefore we are unpersuaded by the Agency's claim of surprise and denial of its right to be heard, and find it has waived this argument.

The permit application was received September 19, 1974, by the Agency. Although that application was incomplete, because the Agency did not notify the City within 30 days of receipt, it was deemed filed on September 19, 1974. (Rule 205(f).) Because the Agency did not act upon that application until December 2, 1974, 74 days later, it was deemed granted by Rule 205(g).

For the foregoing reasons, the order of the Pollution Control Board is affirmed.

Affirmed.

JONES and G. J. MORAN, JJ., concur.