TED BLASZCZAK *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF PALOS HILLS *et al.*, Defendants-Appellees.

First District (5th Division)   No. 83—620

Opinion filed April 13, 1984.

Donald G. Weiland, of Chicago, for appellants.

Stephen E. Ford, of Kiesler & Berman, of Chicago, for appellees.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Plaintiffs, Ted and Helen Blaszczak, appeal from an order entered pursuant to section 2—619(a)(4) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(a)(4)) finding their action barred by a prior Federal judgment and dismissing the complaint. Two issues are raised on appeal: (1) whether section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—217), formerly section 24 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 24a), authorizes the filing of a complaint alleging a cause of action identical to one previously dismissed by a Federal court for want of prosecu-

tion; and (2) whether defendants' actions amount to a continuing tort and form a basis for recovery for wrongs committed after the Federal dismissal. We affirm.

Plaintiffs filed the instant action against defendants, city of Palos Hills and Marvin B. Schlensky, its health officer, alleging that defendants' actions in declaring a house owned by plaintiffs "unfit for occupancy" and causing said premises to remain unoccupied were and continue to be deprivations of the plaintiffs' property rights as such constitute violations of their constitutional and civil rights. Plaintiffs prayed for monetary and equitable damages. Upon defendants' motion, the trial court dismissed plaintiffs' complaint finding the instant action barred by *res judicata* because an identical action by plaintiffs in Federal court had been dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which dismissal operated as an adjudication upon the merits. (Fed. R. Civ. P. 41(b).) Plaintiffs appeal.

OPINION

The first issue raised is whether section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—217), formerly section 24 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 24a), authorizes the filing of a complaint alleging a cause of action identical to one previously dismissed by a Federal court for want of prosecution. In *Martin-Trigona v. Gouletas* (1982), 105 Ill. App. 3d 28, 433 N.E.2d 1132, the court held that the former section 24 does not apply to dismissals on the merits by Federal courts of competent jurisdiction. We find that case dispositive of plaintiffs' first issue.

In *Martin-Trigona*, plaintiff's complaint was dismissed from Federal court for want of prosecution, which dismissal operated as an adjudication upon the merits under Rule 41(b) of the Federal Rules of Civil Procedure. The plaintiff thereafter refiled his action in circuit court. The court found his cause of action barred by a prior Federal judgment and dismissed the complaint. On appeal the plaintiff contended, as do the instant plaintiffs, that the prior Federal adjudication does not operate as a bar under the principles of *res judicata* because of his compliance with section 24 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 24a), the predecessor of section 13—217 of the Code of Civil Procedure. The applicable portion of that section provides that if an "action is dismissed for want of prosecution *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limita-

tion, whichever is greater, after \*\*\* the action is dismissed for want of prosecution \*\*\*." See generally *Conner v. Copley Press, Inc.* (1984), 99 Ill. 2d 382, 459 N.E.2d 955.

In *Martin-Trigona* the court highlighted the difference between the terms of Supreme Court Rule 273 (87 Ill. 2d R. 273) and Federal Rule 41(b). In pertinent part, Rule 273 provides: "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action \*\*\* operates as an adjudication upon the merits." (87 Ill. 2d R. 273.) The court noted that our supreme court found that section 24 is a statute which "otherwise specifies" within the meaning of Rule 273 and held that a prior dismissal qualifying under section 24 does not operate as an adjudication on the merits. (*Kutnick v. Grant* (1976), 65 Ill. 2d 177, 180-81, 357 N.E.2d 480.) In contrast to Supreme Court Rule 273, Federal Rule 41(b) makes no exception for statutes which "otherwise specify." Under that rule a Federal dismissal for want of prosecution operates as an adjudication upon the merits and, therefore, under the doctrine of *res judicata*, bars any subsequent action involving the same claim or cause of action. (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 122, 382 N.E.2d 1217.) *Martin-Trigona* held, therefore, that section 24 cannot be reasonably construed to apply to dismissals on the merits by Federal courts of competent jurisdiction.

Plaintiffs in the instant case contend that *Martin-Trigona* was wrongly decided and that section 24 does apply to Federal dismissals for want of prosecution. In support of their contention plaintiffs cite *Conner v. Copley Press, Inc.* (1983), 112 Ill. App. 3d 248, 445 N.E.2d 458,[1] and *Factor v. Carson, Pirie Scott & Co.* (7th Cir. 1968), 393 F.2d 141, *cert. denied* (1968), 393 U.S. 834, 21 L. Ed. 2d 105, 89 S. Ct. 107. However, the prior Federal judgment in each of those cases was a dismissal for lack of jurisdiction which is, by definition, not on the merits. (See *Martin-Trigona.*) Plaintiffs herein also cite *Perkins v. Hendrickson Manufacturing Co.* (7th Cir. 1979), 610 F.2d 469, wherein the plaintiffs were voluntarily dismissed from Federal court prior to refiling under section 24. The *Perkins* court, therefore, did not consider the effect of dismissal under Rule 41(b). Nor was the effect of such dismissal considered in *Aronson v. North Park College* (1981), 94 Ill. App. 3d 211, 418 N.E.2d 776, also relied upon by plaintiffs herein. We find these cases to be distinguishable and, therefore, inapposite.

---

[1]Affirmed January 20, 1984. *Conner v. Copley Press, Inc.* (1984), 99 Ill. 2d 382, 459 N.E.2d 955.

■ In addressing the question of whether State or Federal law applies when a Federal court sitting in diversity is asked to give preclusive effect to issues determined in an earlier Federal diversity action the United States Court of Appeals for the Second Circuit determined that the effect of a dismissal for lack of prosecution in a Federal district court is governed by Federal law, not by State law, even though the Federal jurisdiction was based upon diversity. (*Kern v. Hettinger* (2d Cir. 1962), 303 F.2d 333.) The court reasoned that "[o]ne of the strongest policies a court can have is that of determining the scope of its own judgments. [Citation.] It would be destructive of the basic principles of the Federal Rules of Civil Procedure to say that the effect of a judgment of a federal court was governed by the law of the state where the court sits simply because the source of federal jurisdiction is diversity. *** [W]e think it would be strange doctrine to allow a state to nullify the judgments of federal courts constitutionally established and given power also to enforce state created rights." (303 F.2d 333, 340.) We recognize that the instant question is not presented in the context of a diversity action but, nevertheless, we find relevant the principles enunciated in *Kern*. We conclude that section 13—217 of the Code of Civil Procedure does not operate to allow the filing in State court of an action which is identical to an action previously dismissed pursuant to Federal Rule 41(b).

■ The second issue raised is whether defendants' actions amount to a continuing tort and form a basis for recovery for wrongs committed after the Federal dismissal. Plaintiffs assert that defendants' actions amount to a continuing trespass and argue that even if the prior dismissal is here adjudged to be an adjudication on the merits they should be allowed to amend their complaint to allege wrongdoing on the part of defendants from the date of the Federal dismissal to the present.

In support of their contention, plaintiffs rely on *Johnson v. Tipton* (1982), 103 Ill. App. 3d 291, 300, 431 N.E.2d 464, wherein the court stated that "[w]here a tort involves a continuing or repeated injury, the limitation period does not begin until the date of the last inquiry [*sic*] or when the tortious acts cease. (*City of Rock Falls v. Chicago Title & Trust* (1973), 13 Ill. App. 3d 359, 364.)" We agree with defendants that such principle is irrelevant because the instant action involves a prior adjudication problem, not a statute of limitations issue.

Our supreme court recently stated that "[t]he doctrine of *res judicata* provides that 'a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties

and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the *same* claim, demand or cause of action.' (Emphasis added.) (*People v. Kidd* (1947), 398 Ill. 405, 408.)" (*Housing Authority v. YMCA* (1984) 101 Ill. 2d 246, 251.) Accordingly, plaintiffs are barred from refiling any action identical to the action filed in Federal court because under the operation of Rule 41(b) such claims are *res judicata* by virtue of their prior dismissal for want of prosecution. It is not denied that the situation created by defendants' alleged wrongdoing persists, specifically, that plaintiffs' property is still tagged "unfit for occupancy" and remains unoccupied. Liability in this matter has, however, been adjudicated in favor of defendants. Thus, any action involving the same claim or demand is barred by *res judicata*.

Regarding plaintiffs' assertion that they should be allowed to amend their complaint, we note that plaintiffs tendered no amended complaint to the trial court. The issue was not ruled on by the trial court and, therefore, is not a proper subject for our consideration on appeal.

By our determinations, we do not intimate that plaintiffs are foreclosed from any further cause of action. They are barred only as to those claims presented to the Federal court, the merits of which were there adjudicated. A claim founded upon defendants' actions after the Federal dismissal is not within the scope of the bar of *res judicata* and may properly form the basis for recovery. See *Reading v. Atchison, T. & S. F. Ry. Co.* (N.D. Ill. 1947), 7 F.R.D. 664.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

SULLIVAN and WILSON, JJ., concur.