GEORGE MEADOWS, Plaintiff-Appellee, v. SCHOOL DISTRICT U-46, COUNTIES OF KANE, DuPAGE and COOK, *et al.*, Defendants-Appellants.

Second District   No. 85—0039

Opinion filed February 27, 1986.

David P. Kula and John M. Izzo, both of Scariano, Kula, Ellch & Himes, of Chicago Heights, for appellants.

Van R. Richards, Jr., and Lynn M. Richards, both of Schnell, Richards, Brown, Ritt, Freeman & Dalton, of Elgin, for appellee.

JUSTICE STROUSE delivered the opinion of the court:

This is an appeal from a writ of *mandamus* of the circuit court of Kane County which compelled defendants to follow certain procedures of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 1—1 *et seq.*) with regard to the transfer of plaintiff from his administrative position to a teaching position.

Plaintiff, George Meadows, is a certified employee of School District U-46. Prior to a reclassification by defendants, the board of education of School District U-46 and its members (hereinafter collectively referred to as the board or defendants), plaintiff had been assigned as a principal with the school district since 1964. On March 31, 1984, the board notified plaintiff of its intent to reclassify him as a teacher, and offered him private and public hearings before the board pursuant to section 10—23.8b of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 10—23.8b) relating to reclassification of principals. Plaintiff's reclassification would result in a reduction in salary based on the new position. Plaintiff was serving as principal at that time under a single-year contract.

Plaintiff requested and received a private hearing before the board on May 14, 1984, after which the board affirmed its intention to proceed with the reclassification. Plaintiff, however, demanded that he be furnished specific charges, a bill of particulars, and a hearing before a disinterested hearing officer, all pursuant to section 24—12 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 24—12) relating to tenured teacher dismissal. The board refused this demand on the basis that section 10—23.8b, and not section 24—12, is the exclusive remedy for a principal in cases of reclassification and reduction in salary, and scheduled plaintiff's section 10—23.8b public hearing for June 21, 1984.

On June 15, 1984, plaintiff initiated this action by filing in the circuit court of Kane County a complaint seeking a judgment of *mandamus* requiring defendants to follow the procedures of section 24—12 and an injunction restraining them from conducting the June 21 hearing and taking other actions relating to the reclassification, pending a section 24—12 hearing. Defendants filed a motion to dismiss, which the trial court granted as to the prayer for injunctive relief but denied as to the prayer for *mandamus*. After defendants answered, the parties filed cross-motions for summary judgment. On December 11, 1984, the trial court entered summary judgment in favor of plaintiff and against defendants and ordered defendants to follow the procedures of sections 24—11 and 24—12. On January 8, 1984, defendants filed their notice of appeal praying that the order of December 11 be reversed.

Defendants' sole contention on appeal is that section 10—23.8b of the School Code is the only statute applicable to plaintiff's reclassification and, thus, the trial court erred in ordering them to comply with the procedures of sections 24—11 and 24—12. Plaintiff's position is that, because he is a certified employee of the school district, he is entitled to have the issues of demotion and reduction of his salary heard by an impartial hearing officer, as mandated by sections 24—11 and 24—12.

Section 10—23.8b of the School Code provides procedural protections for principals reclassified in position by demotion or reduction in rank with a commensurate salary reduction. The statute states:

"Sec. 10—23.8b. Reclassification of principals. No principal who has completed 2 or more years of administrative service in the school district may be reclassified by demotion or reduction in rank from one position within a school district to another for which a lower salary is paid without written notice from the board of the proposed reclassification by April 1 of the year in

which the contract expires.

Within 10 days of receipt of this notice, *the principal may request and receive a private hearing with the board to discuss the reasons for the reclassification.* If the principal is not satisfied with the results of the private hearing, *he may,* within 5 days thereafter, *request and receive a public hearing on the reclassification.* Any principal may be represented by counsel at a private or public hearing conducted under this Section.

If the board decides to proceed with the reclassification, it shall give the principal written notice of its decision within 15 days of the private hearing or within 15 days of the public hearing held under this Section, whichever is later. *The decision of the board thereupon becomes final.*" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 122, par. 10—23.8b.)

This provision was added to the School Code in 1975.

Sections 24—11 and 24—12 of the School Code provide for the removal or dismissal of teachers in contractual continued service (tenure). The term "teacher" is defined as "any or all school district employees regularly required to be certified under laws relating to the certification of teachers" (Ill. Rev. Stat. 1983, ch. 122, par. 24—11), and the term includes, *inter alia,* superintendents and principals (*Lester v. Board of Education* (1967), 87 Ill. App. 2d 269, 279-80). Section 24—11 also defines the power of the school board as follows:

"This Section and succeeding Sections do not modify any existing power of the board except with respect to the procedure of the discharge of a teacher and reductions in salary as hereinafter provided. Contractual continued service status shall not restrict the power of the board to transfer a teacher to a position which the teacher is qualified to fill or to make such salary adjustments as it deems desirable, but unless reductions in salary are uniform or based upon some reasonable classification, any teacher whose salary is reduced shall be entitled to a notice and a hearing as hereinafter provided in the case of certain dismissals or removals." (Ill. Rev. Stat. 1983, ch. 122, par. 24—11.)

Section 24—12 contains the actual procedures for removing or dismissing a tenured teacher. It provides, in relevant part:

"If a dismissal or removal is sought for any other reason or cause, including those under Section 10—22.4, the board must first approve a motion containing specific charges by a majority vote of all its members. Unless the teacher within 20 days requests in writing of the board that no hearing be scheduled, *the*

*board shall schedule a hearing on those charges before a disinterested hearing officer* on a date no less than 30 nor more than 60 days after the enactment of the motion. Written notice of such charges shall be served upon the teacher at least 21 days before the hearing date. Such notice shall contain a bill of particulars. The secretary of the school board shall forward a copy of the notice to the State Board of Education. Within 10 days after receiving this notice of hearing, the State Board of Education shall provide a list of 5 prospective, impartial hearing officers. \*\*\* The Board and the teacher or their legal representatives within 5 days shall alternately strike one name from the list until only one name remains. The teacher shall have the right to proceed first with the striking. The State Board of Education shall promulgate uniform standards and rules of procedure for such hearings. \*\*\* *The hearing officer shall hold a hearing and render a final decision. The hearing shall be public at the request of either the teacher or the board. The teacher has the privilege of being present at the hearing with counsel and of cross-examining witnesses and may offer evidence and witnesses and present defenses to the charges."* (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 122, par. 24—12.) Sections 24—11 and 24—12 were enacted with the School Code in 1961.

In the present case, plaintiff is a certified employee of the school district and has been employed by the district since 1956; since 1964, he has been employed as a principal, but never under a multiyear contract. At the time the board notified plaintiff of its intent to reclassify him as a teacher, he was serving as principal under a single-year contract.

The issue before this court is whether the board is required to comply with the procedures set forth in section 10—23.8b for reclassification of principals or, instead, the procedures set forth in sections 24—11 and 24—12 for removal or dismissal of tenured teachers. The primary distinction between the two procedures is that section 10—23.8b mandates a "public hearing" before the school board on the reclassification, whereas section 24—12 provides for "a hearing \*\*\* before a disinterested hearing officer."

Sections 24—11 and 24—12 are in direct conflict with section 10—23.8b. Each mandates procedures inconsistent with the other for an instance such as the present case, where a principal with two or more years of administrative experience is reclassified to a lower position for which a lower salary is paid.

■ Plaintiff's position with regard to this alleged inconsistency is that section 10—23.8b applies only to principals serving under multiyear contracts. Plaintiff cites section 10—23.8a, which provides in pertinent part:

"By accepting the terms of a multi-year contract, the principal waives all rights granted him under Sections 24—11 through 24—16 of this Act for the duration of his employment as principal in the district." (Ill. Rev. Stat. 1983, ch. 122, par. 10—23.8a.)

Plaintiff's argument is that since he did not have a multiyear contract, he clearly retains and has not waived his due process rights granted in sections 24—11 through 24—16. Plaintiff attempts to link section 10—23.8b to section 10—23.8a, and implies that the two sections similarly apply only to principals under multiyear contracts.

This reading of the statute is not supported by the plain language of sections 10—23.8a and 10—23.8b. First, it should be noted that the two sections are not merely subparagraphs of one paragraph relating to principals under multiyear contracts. The two sections are codified as separate statutes, and they were enacted separately and became effective in separate years. Second, the focuses of the two sections are disparate, as indicated by their titles; section 10—23.8a is entitled "Principal under multi-year contract" whereas section 10—23.8b is entitled "Reclassification of principals." Third, by its own language, section 10—23.8b is not restricted to principals under multiyear contracts, but instead applies to any "principal who has completed two or more years of administrative service in the school district." Clearly, section 10—23.8b is not limited to principals with multiyear contracts.

A recent decision of the Appellate Court for the Fourth District, *Swanson v. Board of Education* (1985), 135 Ill. App. 3d 466, provides some guidance on the issue before this court in the present case. In *Swanson*, plaintiff was a principal for over two years who had been reclassified and assigned to a teaching position with a concomitant reduction in salary. Pursuant to section 10—23.8b of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 10—23.8b), plaintiff requested and received both a private hearing and a public hearing. At the public hearing, the school board's attorney read the reasons for the board's decision to reclassify plaintiff, and plaintiff testified, contradicting the reasons stated for his reclassification. Plaintiff then called the superintendent of schools as a witness, but, over plaintiff's objection, the board refused to allow plaintiff to directly examine or cross-examine him. *Swanson v. Board of Education* (1985), 135 Ill. App. 3d 466, 468—69.

Plaintiff argued before the circuit court that the public hearing was inadequate because plaintiff was denied the opportunity to examine the board and the superintendent on the factual basis of their decision. The circuit court agreed, holding that the board failed to comply with section 10—23.8b and ordered the board to conduct another public hearing. *Swanson v. Board of Education* (1985), 135 Ill. App. 3d 466, 469.

The primary issue raised on appeal was whether a "public hearing" as mandated by section 10—23.8b means an "evidentiary hearing," as argued by plaintiff, or whether it means an "opportunity to be heard in a public forum," as argued by the school board. The appellate court extensively reviewed the legislative history of section 10-23.8b (*Swanson v. Board of Education* (1985), 135 Ill. App. 3d 466, 471-73) and concluded that the legislature intended the term "public hearing" to mean nothing more than an opportunity to be heard in a public forum.

The *Swanson* court further noted that section 10—23.8b provides procedural safeguards not previously afforded principals, namely, notice and an opportunity to discuss the reclassification with someone other than the superintendent. (*Swanson v. Board of Education* (1985), 135 Ill. App. 3d 466, 473-74.) It also concluded that the statutory language does not imply a right to contest the board's reasons for reclassifying a principal because no issue exists as to the validity of the reasons. Rather, the statute provides only for a discussion of the reasons. 135 Ill. App. 3d 466, 476.

The court drew a clear distinction between administrators, who have no tenure in their administrative positions, and school employees on tenure, stating:

> "The provisions with relation to administrative employees of the school district are in dramatic contrast to the requirements when an employee is on tenure or continued service. In such instances, the board is required to adopt a motion establishing specific charges against the teacher. A hearing upon the charges is required, unless specifically waived by the teacher. The hearing is conducted before a hearing officer provided by the State Board of Education under uniform standards of procedure established by that board. There is express provision that witnesses may be subpoenaed and express provision for cross-examination of witnesses and the offering of evidence. The testimony is taken under oath and a report of proceedings required, and such proceedings are subject to administrative review in the courts.

It thus appears that the legislature has intended to provide, and has in fact provided, separate and discrete methods in dealing with the relationships between administrative officials of the school district and the tenured teachers, and, from the specific terms of the several statutes, it is clear that, as to administrative officials, the legislative use of the word 'hearing' does not contemplate an 'evidentiary hearing' or an adversary proceeding with a burden of proof to support the decision of the board." *Swanson v. Board of Education* (1985), 135 Ill. App. 3d 466, 475.

■ While the *Swanson* decision did not address the question of the conflict between section 10—23.8b and sections 24—11 and 24—12 of the School Code, it does resolve the question of the extent of the public hearing mandated by section 10-23.8b and the legislative purpose of section 10—23.8b. Under the reasoning of *Swanson*, which we find persuasive, the legislative intent of section 10—23.8b is simply to provide school principals with notice and an opportunity to discuss the reasons for the reclassification with the school board; the principal is not afforded the opportunity to contest the board's reasons since the validity of the reasons is not in issue. *Swanson v. Board of Education* (1985), 135 Ill. App. 3d 466, 474-75; see also *Lyznicki v. Board of Education* (7th Cir. 1983), 707 F.2d 949, 952.

■ We conclude the defendants in the case at bar followed the proper procedures for the reclassification of plaintiff to a teaching position for which a lower salary is paid. Since the focus of section 10—23.8b is to permit plaintiff to merely discuss and not contest the reasons for reclassification, a public hearing before the school board satisfies that procedural safeguard.

While both parties cite numerous cases dealing with the procedures under sections 24—11 and 24—12 (*e.g., Lane v. Board of Education* (1976), 38 Ill. App. 3d 742; *VanDyke v. Board of Education* (1969), 115 Ill. App. 2d 10; *Lester v. Board of Education* (1967), 87 Ill. App. 2d 269), those cases were decided on facts which occurred prior to the enactment of section 10-23.8b, which took effect October 1, 1975. Moreover, *Hicks v. Board of Education* (1979), 77 Ill. App. 3d 974, is distinguishable as not addressing the applicability of section 10—23.8b; in fact, it is not clear whether plaintiff Hicks was even a principal, as the decision refers only to his demotion from his "administrative position."

We hold that section 10—23.8b was designed to include the precise factual situation in the case at bar—where a principal with two or more years of administrative service in the school district is returned

to a teaching position with a reduction in salary. Plaintiff was entitled to a private hearing and a public hearing before the board, and a hearing before an impartial hearing officer was not required.

Accordingly, the trial court erred in granting summary judgment in plaintiff's favor. We reverse the order of the trial court and remand the cause for proceedings consistent with this opinion.

Reversed and remanded.

NASH, P.J., and REINHARD, J., concur.