WILLIAM KELLY *et al.*, Plaintiffs-Appellees, v. BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellant (George Munoz, *et al.*, Defendants).

First District (1st Division) No. 86—3520

Opinion filed July 25, 1988.

Patricia J. Whitten, of Board of Education, of Chicago (Mary Denise Cahill and Camille E. Willis, of counsel), for appellant.

Ronald S. Cope and David Lincoln Ader, both of Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago, for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:
This is an appeal from an order of the circuit court reversing a decision of the Board of Education of the City of Chicago (the Board) that reduced the salaries of two principals.

Defendants' contentions on appeal can be summarized as follows: (1) plaintiffs were afforded procedurally correct hearings under the relevant statute; (2) plaintiffs were not entitled under the statute to contest the sufficiency of the reasons for their downward reclassification; and (3) the trial court erred in determining that the board of education did not discuss with the plaintiffs the reasons for their transfers from permanent to interim assignments. We affirm the decision of the circuit court reversing the decision of the board of education.

Plaintiffs William F. Kelly (Kelly) and Harvey T. Courtney (Courtney) are tenured principals in the Chicago public schools. Kelly became a principal in 1961. At the time he was transferred in 1979,

Kelly was the principal at a grade IV school and was classified and paid at administrative grade IV, step 5. Subsequent to the 1979 transfer, Kelly was assigned to various grade III schools and was an interim principal at a grade III school at the time of the Board action that is at issue here. He continued to be paid at administrative grade IV, step 5.

Courtney had been a principal in the Chicago public schools for 10 years at the time the Board acted to reduce his salary. In 1976, Courtney was assigned as principal of the McLaren Occupational High School (McLaren). In 1978, McLaren was combined with the McKinley School and Courtney continued to serve as principal. He was classified and paid at administrative grade V, step 6. Beginning in 1981, Courtney was transferred to various grade III schools as an interim principal. The Board continued to pay Courtney at administrative grade V, step 6.

At the time plaintiffs were first transferred from their regularly appointed positions, the practice of the Board was not to reduce the salary of principals transferred from permanent to interim positions but to continue to pay them at the grade of the school to which they were last regularly appointed. Because the transfers to lower positions did not affect their salaries, the Board was not required to comply with section 34—85 of the Illinois School Code (Ill. Rev. Stat. 1987, ch. 122, par. 34—85), which requires the Board to give reasons for any transfer to a position for which a lower salary is paid.

In 1984, the Board adopted an amendment to its "Administrative Compensation Plan" (the Plan) by adding section XII. Section XII provides in pertinent part:

"C. Tenured Principals Currently Serving
in Interim Assignments

The salaries of those principals currently serving in interim assignments shall be retained in the same Administrative Grade in which the principal was paid in his last regularly appointed position through the close of the day of November 23, 1984.

Effective November 26, 1984, the salary of each principal shall be reduced to the maximum salary provided for positions assigned to Administrative Grade III, unless decided to the contrary by the Board of Education because of extenuating circumstances. This reduction in Administrative Grade and salary shall be implemented in conformity with Section 34—85 of the Illinois School Code and notice of the proposed reduction shall be issued by the General Superintendent no later than September 15, 1984.

\* \* \*

In accordance with the provisions of Section 34—85 of the Illinois School Code, the Board of Education shall consider the tenured principal's request for hearing, if any, and render its decisions and reasons therefor in writing. In reaching its decision, the Board of Education may choose, but it is not limited to, the following option:

Maintaining the principal's salary at the same Administrative Grade in which the principal was paid in his last regularly appointed position for up to an additional three year period commencing November 24, 1984 because of extenuating circumstances such as a limited number of vacancies in a particular school classification, the principal's age and impact on his pension, and the reason for his placement as an interim principal."

Pursuant to the amended plan, both Kelly and Courtney received letters stating that their salaries would be adjusted downward to conform to administrative grade III. Both principals requested private hearings and stated that they wished to receive in writing from the Board a statement of reasons for the purported reclassification. The Board responded that the proposed adjustments were based upon the administrative grade of the school to which the principal was presently assigned.

During the private hearing for Mr. Kelly, he contended that he had not been given any reason why he was transferred from an administrative grade IV position to an administrative grade III position. He also contended that he should come within the extenuating circumstances exception to section XII(C) of the Plan. Following the private hearing, the Board notified Kelly that it intended to proceed with the salary reduction and that he was entitled to request a public hearing.

At the conclusion of the two-day public hearing, the Board confirmed its intent to reduce Kelly's salary. Kelly then filed a complaint for administrative review.

At his private hearing, Courtney also contended that he had not been given any reason why he had been transferred from an administrative grade V position to a grade III position and argued that he should come within the extenuating circumstances exception to section XII(C) of the Plan. The Board notified Courtney that he did not fall within the extenuating circumstances provision and that his salary would be reduced to administrative grade III, step 5.

Courtney then requested a public hearing, following which the Board accepted the recommended reduction. Upon receiving the

Board's decision, Courtney filed his complaint for administrative review.

Both Kelly and Courtney filed lawsuits, later consolidated, challenging the adverse decisions of the Board. Count I of the complaints, the only count in issue here, sought administrative review and reversal of the Board's actions on the basis that the proposed reduction in plaintiffs' salaries could legally occur only if defendants fully complied with the provisions of section 34—85 of the Illinois School Code but that the Board had violated section 34—85 by failing "to give or discuss any reason for the demotion or reduction in rank of plaintiff[s] from one position to another for which a lower salary is paid."

The Board responded to the complaints by stating that the reason for the reduction of plaintiffs' salaries was the implementation of the amended compensation plan. The Board's position was that Kelly and Courtney were not entitled to hearings at the time they were initially transferred from their permanent positions because at that time they were transferred to positions of similar rank and equal salary. The trial court found in favor of plaintiffs and ordered the Board to restore Kelly and Courtney to their preclassification grades and to pay to them all back pay and benefits. The Board now brings this appeal.

■ The principal issue before this court is whether the Board, within the language and intent of section 34—85 of the Illinois School Code (the School Code) (Ill. Rev. Stat. 1987, ch. 122, par. 34—85), gave plaintiffs reasons for their respective reclassifications to lower positions for which lower salaries were paid. We believe the trial court was correct in finding that the Board failed to do so.

Section 34—85 of the School Code provides in relevant part:

"No principal appointed by the board of education shall after serving the probationary period of 3 years specified in Section 34—84 be reclassified to a lower position or administrative grade on his or her principal's certificate unless reasonable advance notice is given in writing of the proposed reclassification. The term 'reclassify' means a demotion or reduction in rank from one position to another for which a lower salary is paid.

Within 10 days of receipt of such notice, the principal may request and receive a private hearing with the board to discuss the reasons for the proposed reclassification. If the principal is not satisfied with the results of the private hearing, he or she may, within 5 days thereafter, request and receive a public hearing on the proposed reclassification. The principal may be represented by counsel at any private hearing or public hearing conducted under this Section. If the board decides to proceed

with the proposed reclassification, it shall give the principal written notice of its decision with 15 days of the private hearing or within 15 days of the public hearing held under this Section, whichever is later. The decision of the board thereupon becomes final.

Nothing in this Section prohibits a board from ordering lateral transfers of principals to positions of similar rank and equal salary." Ill. Rev. Stat. 1987, ch. 122, par. 34—85.

The Board initially contends that it complied with the requirements of section 34—85 in that it provided procedurally adequate hearings to both Kelly and Courtney. The procedural adequacy of the hearings was not ruled upon by the trial court nor is it challenged by plaintiffs here, thus that issue is not properly before us. (*Blaszczak v. City of Palos Hills* (1984), 123 Ill. App. 3d 699, 703, 463 N.E.2d 762, *appeal denied* (1984), 101 Ill. 2d 563.) The sole issue to be resolved, then, is whether the plaintiffs were given reasons within the meaning of the statute.

The Board argues that a reason was given (*i.e.*, the amendment to the compensation plan) and that pursuant to *Meadows v. School District U—46* (1986), 141 Ill. App. 3d 335, 490 N.E.2d 140, *appeal denied* (1986), 112 Ill. 2d 560, and *Swanson v. Board of Education of Foreman Community Unit School District #124* (1985), 135 Ill. App. 3d 466, 481 N.E.2d 1248, *appeal denied* (1985), 111 Ill. 2d 565, plaintiffs are not entitled to challenge the sufficiency of the reasons. The Board's position is that it was not necessary to give reasons why the principals had been removed from their permanent positions because they were not reclassified at that time and continued to be paid at the higher rates of pay.

While the Board is correct in its interpretation of *Meadows* and *Swanson*, those cases are not applicable here in that plaintiffs are challenging not the sufficiency of the reasons given but the fact that they were given no reasons for the reclassifications that led to the reduction in their salaries.

The language of the statute indicates that the legislature did not want a principal to be reclassified to a lower position or administrative grade without being given a reason that could withstand public scrutiny. The legislature specifically defined "reclassify" as a demotion or reduction in rank from one position to another for which a lower salary is paid. Thus, a reclassification bringing the section into play requires both: (1) a reduction in position and (2) a lower salary as a result. Although the mandates of section 34—85 are only triggered when a reduction in salary results from a reclassification, the purpose

of the statute appears to be to require the Board to explain the reason for the demotion in rank rather than the reason for the reduction in salary.

As the trial court noted, by requiring the Board to state the reasons for a downward reclassification first at a private hearing and if requested also at a public hearing, the Board "will be dissuaded from arbitrary or malicious demotions when it's put to the test of stating its reasons openly." In stating that Courtney and Kelly were going to be paid at a grade III salary level because they were now occupying a grade III position, the Board addressed not the reason for the demotion but merely the reason for the downward adjustment in the salary. The trial court concluded, and we agree, that plaintiffs were entitled under the statute to a simple statement of reasons why they were transferred to lower ranking schools in the first instance and that the reason given by the Board is not a reason within the contemplation of section 34—85.

The Board points out that section 34—85 requires only "reasonable advance notice *** in writing of the proposed reclassification" but that under the statute the Board was not required to give reasons in advance of the hearing or in writing. (Ill. Rev. Stat. 1987, ch. 122, par. 34—85.) According to the Board, it not only gave reasons prior to the time it was required to do so, but the reason given (the change in Board policy relative to pay rates for interim principals) was a sufficient reason for the proposed reclassifications. Although the Board's position is that it had no duty to discuss what it characterizes as "remote" reasons for the transfers of Kelly and Courtney from permanent to interim positions at lower grades, it now contends on appeal that, in fact, those reasons were raised and discussed at both sets of hearings. We disagree with the Board's characterization of both the statute and the record in this regard.

■■ The language of the statute provides in relevant part that "[W]ithin 10 days of receipt of such notice, the principal may request and receive a private hearing with the board to discuss the reasons for the proposed reclassification." (Ill. Rev. Stat. 1987, ch. 122, par. 34—85.) The purpose of the hearings, as stated previously, is to provide due process to principals faced with impending reclassification. A principal facing reclassification is entitled to reasonable advance notice of the proposed reclassification and to be represented by counsel at any private or public hearing. In light of the apparent purpose of the statute and the provisions protecting the due process interests of principals facing downward reclassification, we are not persuaded that the Board had no duty to provide advance reasons for a proposed re-

classification, particularly when asked to do so.

Moreover, while the circumstances of the respective transfers of Mr. Kelly and Mr. Courtney were discussed at the hearings, the Board specifically declined to give what it referred to as historical reasons for its decisions. The Board attorney stated that the Board had selected "the starting point of the date at which the Administrative Compensation Plan Section XII was put into effect as the date to discuss or the reasons to discuss with the Board of Education." In addition, in response to plaintiffs' requests for the reasons for the projected reclassification, the Board gave as the reason for the lowering of their salaries that the reduction was "[i]n accordance with the provisions of Board report 84—0509—PE3 [the amended compensation plan], adopted May 23, 1984."

In the private hearings concerning both Courtney and Kelly, Deputy Superintendent Bryan stated that the planned reductions were in accordance with section XII of the Administrative Compensation Plan. Similar statements were made at the public hearings. In the administrative review proceedings brought before the circuit court, the Board denied that there existed any reason other than the amended compensation plan for the reduction in plaintiffs' salaries. The Board formally and repeatedly identified and advanced one specific "reason" for its action in response to requests by Kelly and Courtney and on administrative review. Having based its case solely upon a specific and limited theory, the Board may not, on appeal, raise a theory that was not presented either in the initial hearings or on administrative review. See, *e.g., Environmental Protection Agency v. Pollution Control Board* (1976), 37 Ill. App. 3d 519, 521, 346 N.E.2d 427.

For the reasons stated above, the order of the circuit court of Cook County reversing the decision of the board of education is affirmed.

Judgment affirmed.

BUCKLEY and QUINLAN, JJ., concur.